## CHARLES PATTERSON v. D. D. TOMPKINS AND M. MARIGNY, Sheriff.

Under an allegation made by the plaintiff, who sought to enjoin the sale of property seized by defendant, that plaintiff was the owner of the property seized, he cannot be permitted to prove the extinguishment of the mortgage note held by defendant.

APPEAL from the Sixth District Court of New Orleans, *Cotton*, J.
*Holland*, for plaintiff. *Scott*, for defendant and appellant. *Larue*, for Sheriff.

LEA, J. The plaintiff has sued out an injunction restraining the execution of a judgment obtained by the defendant, *Tompkins*, against *J. W. Dolbear*, on the ground that the property seized does not belong to the defendant in execution but to the plaintiff in the injunction. This is the only ground urged in the petition why the injunction should be granted. The evidence shows that the plaintiff purchased the property seized in execution from *Dolbear*, who purchased the same from *John M. Bach*, in whose favor the property was mortgaged to secure the payment of the notes given for the price. Upon one of

these notes the defendant, *Tompkins*, as transferree, obtained judgment against Dolbear, with privilege as a mortgage creditor upon the property seized in execution. The act of mortgage given to secure the vendee's notes was made in favor of *Bach*, or any other holder or owner of the same; it moreover contained the *pact de non alienando*. Under these circumstances the plaintiff's injunction had no legal foundation, the property being liable in his hands for the payment of the judgment without the necessity of resorting to the hypothecary action.

The plaintiff, on the trial of the case, was permitted to introduce evidence to prove the payment and consequent extinguishment of the note by *Dolbear*, acting either on his own behalf or agent of *Mr. Tompkins*. But this evidence was objected to by the defendant on the trial of the case as being inadmissable under the pleadings. We think the objection was well taken, and that the testimony should have been rejected.

Setting aside the testimony introduced for the purpose of proving the payment of the note, and the case is clearly with the defendant.

It is ordered that the judgment appealed from be reversed, that the injunction herein issued be set aside, and that the defendant, *D. D. Tompkins*, do have and recover of the plaintiff, *Charles Patterson*, and his surety, *Joseph Gartz*, *in solido*, thirty dollars damages; and it is further ordered that the plaintiff, *Charles Patterson*, pay costs in both courts.